## MARY A. PARKENSON *vs.* CHARLES W. BEMIS.

Middlesex. January 13, 1891. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Evidence — Witness — Contradiction.*

On the issue whether the defendant kept a dog, a witness, after testifying that the defendant did not keep or harbor the dog, on cross-examination testified that he had not said in the January before that the dog was in the defendant's cellar; and the plaintiff was permitted, for the purpose of contradicting this witness, to ask an officer, testifying that he had a conversation with the witness during that month, what that conversation was. The officer replied, that he asked the witness what the defendant "had done with the dog," and the witness said that the defendant "had him tied up in the cellar." *Held,* that the form of the question, if objectionable, became immaterial, and that the defendant showed no ground of exception.

TORT, for personal injuries occasioned by the bite of a dog. At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*H. N. Allin,* for the defendant.

*R. M. Stark,* for the plaintiff.

MORTON, J. The question in this case was whether the defendant was the owner or keeper of the dog. One Adams, called by the defendant, had testified on direct examination that the dog was not kept or harbored by the defendant. On cross-examination he testified that he had not said to one Cater that the dog was down in the defendant's cellar. For the purpose of contradicting him on this testimony, which evidently related to a material point in the case, Cater was called by the plaintiff and asked if he had any conversation with Adams on or about the 26th of January, and he answered that he had. He was then asked what the conversation was, and to this question the defendant objected. The question was allowed, for the purpose of contradicting Adams. The defendant excepted. The witness answered, " I was asking Mr. Adams, a day or two after I served the notice on Mr. Bemis, what Mr. Bemis had done with the dog, and he said he had had him tied up in the cellar."

It was clearly competent for the plaintiff to contradict Adams, and that, as the exceptions show, was the purpose for which the question was permitted. *Hathaway* v. *Crocker*, 7 Met. 262, 265. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338, 347. *Brigham* v. *Clark*, 100 Mass. 430. Indeed, the defendant does not deny that, but insists that the question should have been so worded as to call the attention of the witness directly to the contradicting conversation. But even if that were so, the answer gave only so much of the conversation as related to the keeping of the dog, and the form of the question did the defendant no harm, and became immaterial.                    *Exceptions overruled.*