*S. W. Ashton,* for the defendant.
*E. Higginson,* for the plaintiff.

---

## Cecilia Mullins *vs.* Lorenzo G. Peaslee.

Berkshire.   September 10, 1901. — November 29, 1901.

Present: Holmes, C. J., Knowlton, Morton, Lathrop, & Barker, JJ.

*Witness*, Impeachment of.

In an action for an injury alleged to have been caused by the negligent driving of the defendant's servant, this servant testifying as a witness was asked by the plaintiff if he did not make certain statements to the plaintiff in regard to the accident. This he denied and gave his version of the conversation. After the defendant rested, the plaintiff called as a witness one who was present at the conversation and asked him to state what the servant said with reference to the accident. The question was excluded, the judge ruling that the witness might be asked whether the plaintiff made the statements testified to by the servant. This the plaintiff declined to do, and asked to be allowed to make an offer of proof as to what the servant said, which the judge refused to permit. *Held,* that the ruling was wrong and that the testimony should have been admitted to contradict the servant on a material matter, thus affecting his credibility and the weight to be given to his testimony in regard to the accident. The plaintiff properly could not be confined in contradicting the witness to the statements testified to by him as having been made by the plaintiff, but might show anything that the witness had said in regard to the circumstances attending the accident which was inconsistent with his testimony.

MORTON, J. This is an action for personal injuries. The plaintiff was crossing Columbus Avenue in Pittsfield, and was struck and knocked down by a horse and wagon driven by a servant of the defendant, and received the injuries complained of. The exceptions relate to matters of evidence.

At the trial Bassett, the servant, was introduced as a witness by the defendant, and testified in a way which if believed tended to show that he was driving carefully, and that the accident was due to the plaintiff's own carelessness. He admitted on cross-examination that on the night after the accident he went to see the plaintiff at the request of the defendant in company with a man by the name of Ford. He was then asked by the plaintiff's counsel if he did not make certain statements to the plaintiff respecting the accident which he denied, and gave his version of the conversation which took place. After the defendant rested the plaintiff called one Lizzie Putnam who was present at the interview and asked her to state " what Bassett said with reference to the accident." This was objected to and was excluded by the judge, the judge ruling that the witness might be asked if the plaintiff made the statements testified to by Bassett, which the plaintiff declined to do. The plaintiff then asked to be allowed to make an offer of proof as to what Bassett said, which the judge refused to permit. We think that the testimony should have been admitted. For aught that appears the testimony would have tended to contradict Bassett in a material matter and thus to affect his credibility and the weight to be given to his testimony in regard to the accident. In view of the rejection of the offer of proof, it would be unjust to decide the case on the ground that it did not appear what the testimony would have been, and the plaintiff is entitled to the benefit of the presumption that if admitted the testimony would have tended to contradict Bassett. The plaintiff could not properly be confined in contradicting Bassett to the statements testified to by him as having been made by the plaintiff, but might show anything that he had said in regard to the circumstances attending the accident which was inconsistent with or contradictory to his testimony. *Tucker* v. *Welsh*, 17 Mass. 160. *Commonwealth* v. *Hawkins*, 3 Gray, 463, 464, 465. *Parkenson* v. *Bemis*, 153 Mass. 280. As the exceptions must be

sustained on account of the exclusion of the testimony offered to contradict Bassett, it hardly seems necessary to consider the other questions raised by them. They all relate to matters of evidence none of which are fundamental, and the questions involved may become immaterial upon a new trial.

*Exceptions sustained.*

*J. C. Crosby & J. F. Noxon*, for the plaintiff.
*E. M. Wood*, for the defendant.