JULIA McLEAN, administratrix, *vs.* GEORGE F. D. PAINE & others.

Suffolk.   December 5, 1901. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Negligence*, Employer's liability, defective machine, assumption of risk, plaintiff's due care. *Witness. Practice, Civil*, Conduct of trial. *Discretion of Court.*

In an action by an employee of the defendant, injured while operating a circular saw by the machine throwing a piece of board against him, there was evidence tending to show, that the machine "wobbled" and that the accident was caused by the wobbling, that the saw might have been sprung or that it might have been set improperly on the arbor or the arbor set improperly in the boxes or the boxes so worn that the saw would not run smoothly, and that these things could have been discerned by proper care on the part of the defendant, also that the man whose duty it was to set the saw and who did set it admitted on cross-examination that "he did not pay any particular attention in order to ascertain whether the saw was true and in perfect running order." *Held*, that this warranted a finding that the defendant was negligent in regard to keeping the machine in proper condition.

In an action by an employee of the defendant, injured while operating a circular saw by the machine throwing a piece of board against him, there was evidence tending to show, that the plaintiff put the board in the saw as he always had put it in and that the saw "kicked and threw it back at him", and there was nothing to show that he knew or by the exercise of reasonable care ought to have known that the saw was out of order or that he did not possess ordinary skill. *Held*, that this warranted a finding that the plaintiff was in the exercise of due care and that he did not assume the risk of such an accident.

A witness called by a defendant was cross-examined in regard to conversations with a certain witness for the plaintiff, and stated fully all the conversations. He then was asked if he made certain specific statements to the plaintiff's witness, which he denied. The plaintiff's witness then testified in rebuttal that the defendant's witness had made to her the statements which he denied making. Thereupon the defendant's witness was recalled and was asked to state what conversations he had had with the plaintiff's witness. This on objection was

excluded. *Held,* that the exclusion was no ground for exception; that, whether the witness should be allowed on surrebuttal to testify again to conversations already given, was a matter within the discretion of the presiding judge as to the conduct of the trial.

TORT under St. 1887, c. 270, for injuries sustained by the plaintiff's intestate while in the employ of the defendants from being struck in the abdomen by a piece of board thrown against him by a circular saw which he was operating, causing him to suffer and in two days to die. Writ dated April 10, 1894.

At the trial in the Superior Court before *Fox,* J., the jury returned a verdict for the plaintiff and assessed the damages for suffering in the sum of $1,000 and for death in the sum of $3,000. The defendants alleged exceptions.

*T. W. Proctor,* for the defendants.

*H. N. Collison & W. E. Collins,* for the plaintiff.

MORTON, J. This is an action of tort to recover for personal injuries sustained by the plaintiff's intestate while in the defendants' employment and from which he died two days after. There was a verdict for the plaintiff and the case is here on exceptions by the defendants to the exclusion of certain testimony and to the refusal of the presiding judge to give certain rulings that were asked for. Apart from the question of evidence, the case has been argued by the defendants on the footing that the questions are, whether the plaintiff was in the exercise of due care, whether there was any evidence of negligence on the part of the defendants, and whether the plaintiff assumed the risk, and we shall so treat it.

It seems to us that there was evidence of negligence on the part of the defendants. There was testimony tending to show that the saw "wobbled", and that the accident was caused by this "wobbling." It is true that there was also evidence tending to show that the accident was caused by the carelessness of the plaintiff's intestate in dropping a piece of wood on to the saw; but it was for the jury to say how the accident happened. It cannot be said, we think, that there was no evidence justifying the conclusion that it was caused by the "wobbling" of the saw. We also think that there was evidence tending to show that the "wobbling" of the saw was due to carelessness on the part of the defendants. There was testimony tending to show

that the saw might have been sprung, or that it might have been improperly set on the arbor, or the arbor improperly set in the boxes or the boxes so worn that the saw would not run smoothly and that these things could have been discovered by proper care on the part of the defendants. And there was an admission, on cross-examination, by the man, whose duty it was to put on the saw, and who did put it on, that " he did not pay any particular attention in order to ascertain whether the saw was true and in perfect running order." This clearly warranted a finding, that the defendants did not exercise proper care in seeing that the saw ran as it should run.

There was evidence warranting a finding, we think, that the plaintiff's intestate was in the exercise of due care and that he did not assume the risk. The testimony tended to show that he " put the lumber in the saw as I [he] always put it in ", and that the saw kicked and threw it back at him. There was nothing to show that he knew or in the exercise of reasonable care ought to have known that the saw was out of order, or that he did not possess ordinary skill. It could not be held therefore that he assumed the risk, or was not in the exercise of due care.

The remaining question relates to the matter of evidence. One Buffum called as a witness by the defendants was asked on cross-examination in regard to conversations with one Margaret McLean. As we interpret the bill of exceptions, he stated fully all the conversations that he had had with her, and then was asked if he had not made certain specific statements to her which he denied. Miss McLean was called in rebuttal and was allowed to testify that Buffum had made the statements which he denied. This was the extent of the rebuttal. Thereupon Buffum was recalled by the defendants and was asked to state what conversations he had had with Miss McLean. This was objected to and was excluded. He was allowed to contradict the specific statements testified to by her.. We think that the ruling was right. At the stage of the case at which the question was put, it was clearly, we think, within the discretion of the presiding judge to admit or exclude it. *Howes* v. *Colburn*, 165 Mass. 385, 388. The case is clearly distinguishable from *Mullins* v. *Peaslee*, 180 Mass. 161, on which the plaintiff relies: If

the plaintiff on calling Miss McLean in rebuttal had been limited to the specific questions finally asked Buffum on cross-examination the case presented would have been exactly parallel to that. But this case is entirely different. Buffum testified fully on cross-examination to the conversations with Miss McLean and if there was anything that the defendants had desired to bring out more fully or to correct they could have asked Buffum about it, when the cross-examination was concluded. To have allowed him to testify on surrebuttal would have been to permit him to testify again to conversations which he had already given, and which there had been full opportunity to direct his attention to in case there had been any omissions or corrections which the defendants desired to have supplied or made. Whether he should be allowed to do so, was, it seems to us, plainly within the discretion of the presiding judge as to the conduct of the trial.

*Exceptions overruled.*