ADELAIDE A. ROBINSON *vs.* OLD COLONY STREET RAILWAY
COMPANY.

FREDERICK W. THOMPSON *vs.* SAME.

Bristol.    October 25, 1905. — December 4, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Evidence*, Admissions.    *Witness*, Cross-examination.

In an action against a street railway company for personal injuries, the motorman
in charge of the car when the accident happened, called as a witness by the
defendant, cannot be asked by the plaintiff on cross-examination whether he did
not say after the accident that it was his fault, the motorman not being the agent
of the defendant to make such an admission of liability.

In an action against a street railway company for personal injuries, the motorman
in charge of the car when the accident happened, called as a witness by the de-
fendant, testified on cross-examination that, although he had been stung on the
hand, yet at the time of the accident he had one hand on the controller and
the other on the brake, and denied that he said that he had been stung on the
hand, or that at the time of the accident he was rubbing his hand, and that he
did not recollect having made any statement as to how it happened.  He then
was asked " Do you deny that you said you were rubbing your hand ? " and
" Did you say that something had stung you ? "  " Do you deny saying any-
thing at all at this scene of the collision after you came back from your car ? "
" Did you make any statement when you came back to this scene of the colli-
sion in regard to what you were doing as you approached Wilbur Street that
was inconsistent or different from what you stated here to-day that you were
doing ? "  The plaintiff's counsel stated that the purpose of the examination was
to impeach the testimony of the motorman and discredit him as a witness by
showing that he had made previous conflicting statements.  On objection by
the defendant the judge excluded the questions.  The judge also excluded the
following questions asked by the plaintiff of another witness : " Did you hear
the motorman say immediately after the accident what he was doing at the time
the accident happened ? " and " What did he say he was doing ? "  *Held*, that the
exclusion was erroneous, and entitled the plaintiff to a new trial; that what
the plaintiff expected to prove by the answers to the questions was sufficiently
clear, and that the questions were material, relating to the main issue being
tried.

The rule that the cross-examination of a witness on collateral issues to test his
credibility is largely within the discretion of the presiding judge has no applica-
tion to a cross-examination to show previous inconsistent statements of a witness
in regard to the main issue being tried.

BRALEY, J.    These actions of tort are brought for personal
injuries received by a collision between a carriage in which the
plaintiffs were driving, and a car of the defendant, as they were

about to cross the tracks of its railway in Wilbur Street in the town of Raynham. At the trial each party contended and offered evidence to show that the other was guilty of negligence, and the jury having returned verdicts for the defendant, the plaintiffs bring the cases before us on exceptions to the exclusion of certain evidence offered by them.

The motorman in charge of the car was a witness for the defendant, and on cross-examination testified that although he had been stung on the hand, yet at the time of the accident he had one hand on the controller, and the other hand on the brake. It was important to determine his conduct, for the car which then was running at a speed of from ten to twelve miles an hour was approaching an intersecting street, along which the plaintiffs were passing, and where his view of their carriage, which he had not before observed, was obstructed in part so that to quote his own words, "The first I knew of anything in regard to the accident was that a horse came out as though he came right out of a bunch of bushes at me," and he was obliged to apply the emergency brake.

In response to a further question he denied having said that he had been stung on the hand, or that at the time of the accident he was rubbing his hand, and that he did not recollect having made any statement as to how it happened.

He was then asked, "Don't you remember saying to Miss Robinson in the presence of those people that were around there that you were sorry, that it was your fault, that you were rubbing your hand, something had stung you?" Upon objection being made this question was excluded properly as an admission of fact by the motorman was incompetent for the purpose of proving negligence of the defendant. *Cole* v. *New York, New Haven, & Hartford Railroad,* 174 Mass. 537, 539. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, 396, and cases cited.

Upon the objectionable part of the question being eliminated, the witness was asked, "Do you deny that you said you were rubbing your hand?" Under the continued objection of the defendant this also was excluded, but not until the plaintiffs' counsel had clearly stated that the purpose of the examination was to impeach his testimony and discredit him as a witness by showing that he had made conflicting statements. Another

question, " Did you say that something had stung you?" was put for a similar purpose and excluded.

After the redirect examination a recross-examination was irregularly allowed in which the subject matter of the cross-examination again was gone over, and the same inquiries were put in this form. " I want to ask this question again . . . do you deny saying anything at all at this scene of the collision after you came back from your car?" "Have you made any statement, did you make any statement when you came back to this scene of the collision in regard to what you were doing as you approached Wilbur Street . . . that was inconsistent or different from what you have stated here to-day that you were doing?" Discussion followed with the presiding judge in which the object of the examination again was fully stated, but upon the objection of the defendant these questions also were excluded.

The rule of evidence is well settled that if a witness either upon his direct or cross-examination testifies to a fact which is relevant to the issue on trial the adverse party, for the purpose of impeaching his testimony, may show that the witness has made previous inconsistent or conflicting statements, either by eliciting such statements upon cross-examination of the witness himself, or proving them by other witnesses. We refer to only a few of the more recent cases. *Parkenson* v. *Bemis*, 153 Mass. 280. *Weeks* v. *Needham*, 156 Mass. 289. *Handy* v. *Canning*, 166 Mass. 107, 109. *Allin* v. *Whittemore*, 171 Mass. 259, 262. *Mullins* v. *Peaslee*, 180 Mass. 161. *McLean* v. *Paine*, 181 Mass. 287. *Riley* v. *Tolman*, 181 Mass. 335, 337.

To what extent a witness may be cross-examined on collateral issues to test his honesty or credibility must be left largely to the discretion of the trial court. *Jennings* v. *Rooney*, 183 Mass. 577, 579. But this rule upon which the defendant relies to justify the exclusion of these questions has no application in the present case where the statements of the witness related to the main issue that was being tried. *Commonwealth* v. *Hunt*, 4 Gray, 421.

It would have been entirely competent for the plaintiffs to have shown that as the car came through Wilbur Street, and just before the plaintiffs started to pass over the tracks, the

motorman instead of having his hands placed where he could control its operating machinery, and thus regulate its speed, was engaged in rubbing one hand with the other. *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574, 578. If so, the issue was not collateral. *Fitzgerald* v. *Williams*, 148 Mass. 462, 467.

On the exclusion of the evidence offered by them in rebuttal the plaintiffs omitted formally to state what answer the witness was expected to make, and the defendant takes the position that the exceptions therefore fail to show that they were prejudiced. *Lee* v. *Tarplin*, 183 Mass. 52, 54.

Here again an examination of the form in which the evidence was offered fails to support this contention. The question put was " Did you hear the motorman say immediately after the accident what he was doing at the time the accident happened ? " A distinct ruling then was made excluding this question upon the same ground as the previous questions, which already have been referred to and discussed. The question was then recast and asked in this form, " What did he say he was doing? " but it again was excluded for a similar reason.

From the entire record there can be no doubt that these questions were not ruled inadmissible because of the failure of the plaintiffs to state the answers expected, or that they were material. It must have been understood clearly by the trial court that the purpose was to prove, and that the witness would testify to, an admission by the motorman as to his conduct, which would be inconsistent with his testimony as a witness. *Commonwealth* v. *Smith*, 163 Mass. 411, 429.

*Exceptions sustained.*

*A. Fuller & W. J. Davison*, for the plaintiffs.

*F. S. Hall & C. C. Hagerty*, for the defendant.