GEORGE A. GREER *vs.* UNION STREET RAILWAY COMPANY.

Bristol.   October 23, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Evidence*, Relevancy and materiality.  *Witness*, Cross-examination.

In an action against a street railway company for personal injuries from the alleged negligent starting of an open electric car of the defendant as the plaintiff was attempting to board it, the jury returned a verdict for the defendant, and the plaintiff excepted to the exclusion of the question asked the defendant's conductor on cross-examination "If it was not a common occurrence for the cars to be slowed down for the purpose of allowing intending passengers to board the cars while the cars were moving at a slow rate of speed, and if that was not customary? " It appeared from the uncontradicted testimony at the trial that the car came to a full stop for the purpose of discharging and receiving passengers before the plaintiff attempted to get on it. The plaintiff did not testify that he knew of any such custom as that referred to in the question, or that he supposed the car to be in motion or found it to be moving when he stepped upon it. *Held*, that proof of a custom not to stop cars on other occasions had no bearing on the question whether this car started suddenly after being stopped, and would not have shown an implied invitation to board the car while in motion because no such invitation ever reached the plaintiff or was acted upon by him, and therefore that the evidence excluded was irrelevant and immaterial.

The extent to which cross-examination upon collateral issues shall be allowed for the purpose of testing a witness's honesty, credibility or accuracy of recollection must be determined largely by the trial judge in the exercise of his discretion.

RUGG, J.  This is an action of tort for personal injuries suffered by the plaintiff while in the act of boarding the defendant's car. The case, as set out in both counts of the declaration, alleged a negligent starting of the car by the defendant. The plaintiff's testimony was that the defendant's car, which was an old fashioned open electric car, had stopped on Purchase Street in the city of New Bedford south of a cross walk on the southerly side of William Street, and that he was in the act of boarding the

car for the purpose of being transported as a passenger and had one foot on the running board and one hand upon the stanchion when the car, which had been previously stopped, suddenly started, and that he heard no bell given to start the car. There was other testimony that the car stopped at this point for the purpose of taking on and letting off passengers. The motorman testified that he stood upon the front platform of the car looking forward and attending to his duties, that he got the bell to start the car, started up and came to a stop on the further side of William Street, and that he did not see the plaintiff and knew nothing of the accident until after he had fallen. The conductor testified that the car stopped, as stated by the plaintiff, to take on passengers; that he looked in the direction from which the plaintiff came, saw no persons approaching the car or making any signal, looked in the opposite direction to see if passengers were coming from the opposite side of the street, and seeing no person approaching, gave the bell to start the car, and although standing upon the rear platform upon the opposite side from that on which the plaintiff sought to board the car, he saw nothing of the plaintiff until he had fallen. This testimony was uncontradicted. There was no testimony that the plaintiff made any signal to either the conductor or motorman before attempting to board the car, or saw them or had any information as to whether they saw him. The defendant introduced testimony tending to show that the car was moving when the plaintiff sought to board it. There was other evidence from which the jury could infer due care on the part of the plaintiff and negligence on the part of the defendant. In this state of the evidence, the plaintiff, in cross-examination of the defendant's conductor, asked, — "If it was not a common occurrence for the cars to be slowed down for the purpose of allowing intending passengers to board the cars while the cars were moving at a slow rate of speed, and if that was not customary." Upon objection by the defendant, this question was excluded. The jury returned a verdict for the defendant, and the plaintiff's exception to the exclusion of the question presents the only point raised by the exceptions.

From the foregoing statement of the testimony, it appears to have been uncontradicted that the car came to a full stop for the

purpose of discharging and receiving passengers. This being so, proof of a custom of the defendant not to stop on other occasions had no bearing upon the issue raised, which was whether or not the car started suddenly at the particular time under inquiry. It is contended by the plaintiff that proof of such a custom would have shown an implied invitation to him to board the car while in motion. But the plaintiff did not say that he knew of any such custom, nor according to his own testimony did he suppose that the car was in motion or find it to be moving when he stepped upon it. There can be no invitation when upon undisputed evidence no call, articulate or inarticulate, is communicated to anybody and when no one is allured into action or lulled into quiet. At best, the alleged invitation never reached the plaintiff and never was acted upon by him.

The evidence which might have been elicited by this question had no tendency to contradict any testimony given by the witness in his direct examination or in his cross-examination before this question was put, nor to show that he had made inconsistent statements on other occasions. The discretion of a trial judge must in large measure determine the extent to which cross-examination upon wholly collateral issues may be permitted for testing a witness's honesty, credibility or accuracy of recollection. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594. Such discretion was wisely exercised in the present case by refusing to permit the question to be put.

*Exceptions overruled.*

*M. R. Hitch*, for the plaintiff.

*C. W. Clifford & H. S. Knowles*, for the defendant, were not called upon.