GEORGE P. HOXIE, administrator, *vs.* LESTER L. HALL.

Bristol. October 26, 1936. — March 30, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Witness*, Contradiction. *Evidence*, Competency, Relevancy and materiality.

It was reversible error to exclude evidence, offered to contradict a witness for the opposing party on a material issue, of his testimony at another trial on the same issue.

An exception to the exclusion of a previous statement by a witness, offered to contradict his testimony as to a situation at a certain time, was overruled where the bill of exceptions failed to show that the time to which the statement referred was the same as that to which the testimony related.

On the issue of negligence in the operation of a motor vehicle last in a line of vehicles going in the same direction, evidence as to the operation of the other vehicles was properly excluded as immaterial, as their situation was not the same as that of the vehicle in question.

TORT. Writ in the Superior Court dated November 16, 1932.

There was a trial before *Swift*, J., and verdicts for the plaintiff aggregating $5,921.20. The defendant alleged exceptions.

*R. J. Coffin*, for the defendant.

*H. F. Hathaway*, for the plaintiff.

LUMMUS, J. The plaintiff got a verdict, upon the first count for the conscious suffering of his intestate, and upon the second count under G. L. (Ter. Ed.) c. 229, § 5, for the death of his intestate, a pedestrian, who was run down by a motor truck operated by the defendant. The exceptions are all to the exclusion of evidence offered by the defendant.

The defendant was travelling southerly from Boston to Raynham. As he approached a culvert on the right hand or westerly side of the road, where the plaintiff's intestate was working, the latter's automobile was parked on that

side of the road, headed north towards Boston, just northerly of the culvert. The automobile was off the cement road, which was twenty feet wide, and wholly on the tar and gravel shoulder which was about seven feet wide. The plaintiff's intestate walked from the culvert to the rear of his automobile, and then turned and walked diagonally in a southeasterly direction to the edge of the cement road. The road was straight in both directions for a quarter of a mile. The plaintiff's intestate stopped at the edge of the cement road, looked north and then south, but according to some testimony did not go farther. A number of automobiles, in column, were passing, going south. While he was there, the truck operated by the defendant, which was the last in the column, struck him. But according to other evidence the plaintiff's intestate was continuing to walk into the cement road when he was struck, and was seen by the defendant too late to avoid collision.

A witness for the plaintiff named Campbell testified that the defendant's truck turned to the left just before hitting the plaintiff's intestate, and, after the front end had got by him, the truck turned to the right again and then some part of the side hit him. He testified that there was an automobile going north at about that time, but that it had gone by before the accident. The defendant offered to prove, in contradiction of this testimony, by a transcript of testimony that was conceded to be accurate, that at the hearing of a criminal complaint in the District Court, the witness had testified as follows: "I saw the front end swerve to the left so that right fender missed Mr. Hoxie [the plaintiff's intestate] and then come back again, which I presume the reason for coming back, as I remember, there was another car coming from the south which did not allow him to stay out at that angle." The exclusion of this evidence was error. It was the defendant's testimony and contention that an automobile going north prevented him from continuing to the left and thereby avoiding the plaintiff's intestate. The defendant was entitled to attack the testimony of a witness who gave testimony against that contention, by showing that he had

made contradictory statements. *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594, 596. *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320, 325.

A witness who was on the easterly side of the road, opposite the place of the accident, testified that as the plaintiff's intestate was standing on the edge of the cement road the rear of his automobile was not between him and the automobiles that were coming south from Boston. To contradict the witness two sentences from a written statement signed by him were offered: "Hoxie stood close to the rear of his car. The car would obstruct Hall's view of Hoxie." The defendant excepted to the exclusion of the latter sentence. The bill of exceptions fails to show that the statement referred to a material time. This exception is not sustained.

Counsel for the defendant asked him whether the automobiles ahead of him, when they passed the automobile of the plaintiff's intestate, swerved to right or left or went in a straight line. He offered to prove that they went in a straight line. This was excluded, subject to his exception. The exclusion was not error. It did not appear that they were taking exactly the same course as the defendant. The defendant contended that the plaintiff's intestate was walking into the road when struck. The fact that the automobiles ahead of the defendant passed safely without changing course was of little or no importance. This exception is not sustained.

The defendant argues one more question of evidence, but it does not appear that an exception was taken, and therefore we do not consider the question. Because of the single error found, the entry must be

*Exceptions sustained.*