EXILDA ANNE PERROTT *vs.* MARY J. LEAHY & another.
SAMUEL L. PERROTT *vs.* SAME.

Middlesex. December 7, 8, 1937. — February 2, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Practice, Civil,* Exceptions: whether error harmful; Offer of proof; Discretionary control of evidence. *Evidence,* Relevancy and materiality, Offer of proof.

If the admission of certain evidence bearing on the ownership of a truck was error, the error was not prejudicial where its ownership was not disputed at the trial and much evidence had already been introduced relative thereto.

An exception to the exclusion of an incompetent question accompanied by an offer of proof broader than and not responsive to the question should not be sustained though the matters contained in the offer were material to the issue on trial.

Whether a witness had ever seen trucks bearing the defendant's name was not material on the issue whether a certain truck of the defendant was involved in an accident if there was no suggestion at the trial that that truck bore his name.

In the circumstances, it was not an abuse of discretion for a trial judge at the close of the trial to refuse to permit a witness, recalled by the defendant, to testify to statements made to him by a witness for the plaintiff which were contradictory to that witness's testimony where the recalled witness, in the course of a full direct, cross, and redirect examination after the plaintiff's witness had testified, had testified respecting a conversation with him.

TWO ACTIONS OF TORT. Writs in the Superior Court dated April 13, 1934.

At the trial before *Swift*, J., there were verdicts for the plaintiffs in the sums of $4,000 and $1,985, respectively. The defendants alleged exceptions.

*D. P. Donaldson*, for the defendant.

*F. R. Murphy*, for the plaintiffs.

Cox, J. Verdicts for the plaintiffs were returned in these two actions of tort for personal injuries arising out of the alleged negligence of the defendants' agent or servant. The only exceptions of the defendants that have been argued relate to three matters of evidence.

1. The defendants did business under the name and style of M. W. Leahy Co. The tax collector of the town of Littleton testified without objection that he had the records of registration of automobiles for 1933; that "registration B–25496 was taxed" to the Leahy company; and that there were over twenty trucks assessed to the Leahy company in that year. A card, evidently produced by the tax collector, from the registry of motor vehicles or the State House, for a 1930 Mack truck, registration B–25496, was marked for identification. The chief clerk at the registry of motor vehicles testified that the card, which had been marked for identification, bore the registration number B–25496, and covered a 1930 Mack truck that was first registered to M. W. Leahy Co. of King Street, Littleton,

on June 5, 1933. The card was admitted in evidence and the defendants excepted.

There was evidence in the case that a flat "bottom" Mack truck, with "No. 14," on the side of the cab, and bearing both New Hampshire and Massachusetts plates was the vehicle that was involved in the accident in which the plaintiffs were injured; that after the accident, the male plaintiff went to Littleton to the home of Mr. Leahy, "the man who owns the truck," and saw it in the yard; that he recognized "No. 14"; that his nephew was with him; that it was a green Mack truck with a flat platform; that it bore Massachusetts and New Hampshire plates; that it was "the same truck" that he saw on August 8, 1933 (the day of the injuries), and was the same truck that had "contacted" his automobile; that his nephew "copied down the registration number of the truck under his direction." A witness called by the plaintiffs testified that he went to "Leahy's" place in Littleton; that he there saw the truck "Mr. Perrott described, truck No. 14, registration B–25496, that several weeks later Mr. Perrott went with him and saw the truck." An answer to an interrogatory propounded by the defendants to the male plaintiff was introduced in evidence in which he stated "I attempted to pass truck owned by the defendant and operated by one of its agents, when without warning the operator turned his truck to the left of the road, coming in contact with my automobile and forcing it off the road." The defendants' "President and General Manager" testified that "they had a truck No. 14"; that he did not know its registration number; that it was a platform body, model AB Mack truck, painted green, with the body painted red; and that the figures 1 and 4 were on the cab.

A careful examination of the bill of exceptions fails to disclose any contention at the trial that the Mack truck, No. 14, was not owned by the defendants, the contention being that the truck, No. 14, was not at the scene of and was not involved in the accident.

In these circumstances, where there was already so much evidence that the defendants owned the truck which the

plaintiffs contended was involved in the accident, and where the ownership of this "No. 14" truck was not made an issue at the trial, we are of the opinion that even if we assume, without deciding, that there was error in admitting the card, nevertheless it did not affect injuriously the substantial rights of the defendants and that the exception ought not to be sustained. G. L. (Ter. Ed.) c. 231, § 132. *Northern Industrial Chemical Co.* v. *Director General of Railroads*, 249 Mass. 246, 255, 256. Compare *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 282; *Stowe* v. *Mason*, 289 Mass. 577; *Simon* v. *Berkshire Street Railway*, 298 Mass. 454, 456.

2. The following question, on direct examination of a witness who was not present at the time of the accident, was excluded: "Had you ever seen trucks bearing the name Leahy on them?" Thereupon the defendants' counsel made the following offer of proof: "I offer to show that there were other trucks carrying granite on this road at or about the time of this accident except trucks belonging to this defendant." If we are to assume that this offer of proof was in substance the expected answer to the question that was excluded, the connection between question and answer is not apparent. It is difficult to see how any answer to the question which, it is fair to assume, would be categorical, would have any tendency to prove the matters set forth in the offer. The offer was not responsive to the question. The question was incompetent. Whether the witness had ever seen trucks with the name Leahy on them was not material to the question whether a truck of the defendants was involved in the accident. Nowhere in the bill of exceptions is there any suggestion that the defendants' truck bore the name of Leahy. Moreover, the offer was much broader than the question and not responsive to it. "But one cannot propound a question incompetent in its substance and narrow in scope, and then, by offering to prove irresponsive though material matters, thereby save a good exception. Evidence offered must be responsive to a competent question, in order that its exclusion be error." *Hallwood Cash Register Co.* v. *Prouty*, 196 Mass. 313, 315.

*Taylor* v. *Whittier*, 240 Mass. 514, 516. *Commonwealth* v. *Sansone*, 252 Mass. 71, 74. *Coral Gables, Inc.* v. *Beerman*, 296 Mass. 267, 268–269.

3. The bill of exceptions states that at the conclusion of the testimony of a witness (who appears to have been the last witness called by the defendants) "it was agreed that" the chief of police of Weston "should be considered on the stand recalled by the defendant; that the defendant asked him the question — 'What did these two Grant girls tell you as to how the accident happened?'; that on objection by the plaintiff this question was excluded and the defendant saved an exception and made the following offer of proof: that the Chief would testify that they said that the Perrott car was passing a truck when it skidded and collided with a tree; that this testimony was offered for the purpose of contradicting the testimony given by the two Grant girls." The "two Grant girls" apparently are the two sisters of that name, both of whom were called by the plaintiffs and were occupants of the Perrott automobile. Both of them had described what occurred at the time of the injuries, in substance that, as the automobile was passing, the truck moved over to the left and came in contact with it; and that the automobile struck a tree. We may assume that the proffered testimony of the chief of police, if believed, could have been found to contradict the "Grant girls." *Mullins* v. *Peaslee*, 180 Mass. 161.

It is a well settled rule of evidence that if a witness upon either direct or cross-examination testifies to a fact which is relevant to the issue on trial, the adverse party may attack his testimony by showing that he has made contradictory statements. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594, 596, and cases cited. *Hoxie* v. *Hall*, 297 Mass. 80, 81–82. But there is a time and place for the introduction of such contradictory evidence and, in the orderly conduct of a trial, much must be left to the sound discretion of the judge. *Posell* v. *Herscovitz*, 237 Mass. 513. The chief of police, who was called by the defendants after the "Grant girls" had testified, had already testified that he had talked with the girls at the hospital; "that

they did not say anything to him about the automobile in which they were riding being struck by any truck; that they told him how the accident happened." He was cross-examined as to his conversation with the girls in the hospital, and testified that Delta Grant talked the most to him and that there was nothing in his original notes saying that she said "this" or the other one said "this," but that he could tell how he knew. He was then subjected to a re-direct examination.

In these circumstances, it was for the trial judge to determine whether the witness should be recalled. *Robbins* v. *Springfield Street Railway*, 165 Mass. 30, 37. At the stage of the case when this evidence was offered we think it was within the discretion of the trial judge to admit or exclude it. *Howes* v. *Colburn*, 165 Mass. 385, 388. *McLean* v. *Paine*, 181 Mass. 287, 289, 290. Compare *Sullivan* v. *Brabason*, 264 Mass. 276, 284; *Chase* v. *Chase*, 271 Mass. 485, 491. We think it is clear that there was no abuse of discretion and no error.

*Exceptions overruled.*