COMMONWEALTH *vs.* JOSEPH CATALDO
(and a companion case against the same defendant).

Essex.   October 2, 1950. — November 1, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Breaking and Entering. Possession of Implements for Unlawful Purpose. Evidence,* Competency; Opinion: expert; Matter of common knowledge; Contradiction of witness; On cross-examination; Order of evidence. *Witness,* Contradiction, Cross-examination. *Practice, Criminal,* Discretionary control of evidence.

Conviction of a defendant on charges of breaking and entering a building in the nighttime with intent to commit larceny therein and of knowingly having in his possession tools and implements adapted and designed for breaking open buildings, knowing them to be so adapted and designed, was warranted by evidence of the breaking at night of a hole in the brick wall of the cellar of a store so as to give access to the cellar from an alley; of the defendant's coming out of the alley

the following morning and running away from police officers and the manager of the store; of statements made by the defendant when arrested upon being caught; of his then being covered with dust like that from bricks and mortar; and of the presence of certain implements on and near a partly opened safe in the store.

There was no error in a criminal case in allowing a nonexpert witness for the Commonwealth to testify that dust on the defendant was "similar to the dust that one might get on one's self from the mortar on bricks."

At a criminal trial, testimony that the defendant had said that he ran away from the scene of the crime with which he was charged because he had "a police record" was not incompetent merely because it might disclose his participation in another crime.

Testimony of a police officer as to certain statements made by a witness for the defendant was admissible at a criminal trial to contradict previous testimony by the defendant's witness that he had made no such statements.

There was no error at a criminal trial in permitting cross-examination of a witness for the defendant concerning a certain conversation which had been the subject matter of the direct examination of the witness, even though such conversation did not take place in the presence of the defendant.

Certain implements found on and near a partly opened safe in a store were admissible at the trial of indictments for breaking and entering the store in the nighttime with intent to commit larceny therein and for knowingly having in the defendant's possession tools and implements adapted and designed for breaking open buildings, knowing them to be so adapted and designed.

There was no error at a criminal trial in admitting certain pertinent articles in evidence after the case was otherwise closed: the order of evidence lay in the discretion of the trial judge.

Two INDICTMENTS, found and returned on May 11, 1949.

The cases were tried in the Superior Court before *Sullivan,* J.

*R. R. Clark,* (*F. Juggins & A. P. Farese* with him,) for the defendant.

*H. R. Mayo, Jr.,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was convicted upon each of two indictments, one charging him and another, who was not tried, with breaking and entering in the nighttime a building in Lynn with intent to commit larceny therein, and the other charging him and another, who was not tried, with knowingly having in their possession tools and imple-

ments adapted and designed for breaking open buildings, knowing them to be so adapted and designed. The exceptions of the defendant bring the cases here.

In each case the defendant excepted to the denial of his motion for a directed verdict of not guilty. The evidence may be summarized as follows. The manager of the First National Store at 820 Western Avenue in Lynn left the store locked on Saturday night, January 15, 1949. At seven o'clock on Monday morning, when he opened the store, he heard a noise in the cellar, and, looking down, saw a man there. The manager went out, found a police officer, and returned to the store with the officer. As they neared the store, they saw two men coming out of an alley, apparently from the cellar. The two men ran, and the manager and the officer ran after them, but did not catch them. A few minutes later, two other police officers saw the defendant peering out from behind a building three quarters of a mile away from the store and arrested him after a chase. The defendant was taken back to the store, where the manager identified him as the man he had run after. The defendant said, "Let's get it over with. You have got me, get it over with." During the chase, the trousers of one of the men were torn on a barbed wire fence that he climbed, about one hundred fifty feet from the store, and later a piece of cloth caught on the fence was found to match a tear in the defendant's trousers. When arrested, the defendant said that he had become sweaty and dirty from running away from the police because he had been drinking and feared arrest. But the police officers found no evidence of liquor upon him. There was a hole about two and one half feet square, broken that very night, in the brick wall between the cellar of the store and an adjoining cellar, and from the latter cellar one could pass into the alley. When arrested, the defendant was covered with dust like that from bricks and mortar.

In the store there was a safe, and a pinch bar was found protruding from the outer door of the safe. The safe had not been fully opened. Around it on the floor were found

an axe, a screw driver, a bitstock and bit, a file, and a punch. These had not been there before the night in question.

In our opinion the evidence warranted findings of guilty on both indictments.

The remaining questions relate to the admissibility of evidence. A witness for the Commonwealth testified that the defendant was covered with a light dust. Subject to the exception of the defendant he was allowed to testify that the dust was "similar to the dust that one might get on one's self from the mortar on bricks." In this there was no error. Though the witness was not an expert, he was competent to make comparisons as to matters of common knowledge which were hard to describe without resort to such comparisons. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 132, et seq. *Commonwealth* v. *Brayman,* 136 Mass. 438, 440. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, 562. *Crafts* v. *McCobb,* 303 Mass. 172, 175–176. *Commonwealth* v. *Sheppard,* 313 Mass. 590, 599–600. *Tafralian* v. *Metropolitan Life Ins. Co.* 316 Mass. 429, 431. *Commonwealth* v. *Moore,* 323 Mass. 70, 76–77.

A police officer testified that he talked with the defendant at the police station, and that, in answer to a question as to why he had run, the defendant said that it was because he had "a police record." To this the defendant excepted. The evidence of his flight warranted an inference against the defendant. *Commonwealth* v. *Goldberg,* 212 Mass. 88, 91. The statement as to his police record was voluntarily made by the defendant himself in explanation of his flight. Even if the police record indicated the commission of another crime, "If evidence material to prove an issue in the case discloses the defendant's participation in another crime, it does not for that reason become incompetent." *Commonwealth* v. *Mercier,* 257 Mass. 353, 368. See also *Commonwealth* v. *Simpson,* 300 Mass. 45, 56; *Commonwealth* v. *West,* 312 Mass. 438. We find no error in respect to this evidence.

The wife of the defendant was called by him as a witness. She testified that she had had no talk with a police officer about where the defendant was on the night of the crime,

and that she did not tell the officer that she and her husband went to bed about one o'clock. Over the defendant's exception, the Commonwealth introduced the testimony of a police officer that she said her husband was out with her until midnight and that they then went to bed about one o'clock. Since this tended to contradict her testimony, it was admissible. *Perrott* v. *Leahy*, 302 Mass. 318, 322. *Kislowski* v. *Monkiewicz*, 310 Mass. 257, 258. Moreover, it is hard to see how its admission harmed the defendant. *Furbush* v. *Connolly*, 318 Mass. 511, 512.

Officer Grady was called by the defendant and asked about a conversation that he had with the defendant's former employer about the time when the defendant had last worked for him. That conversation was not in the presence of the defendant. The Commonwealth cross-examined as to what was said in that conversation, subject to the defendant's exception. As the defendant says in his brief, "Both attorneys apparently asked the same question and received the same answer." We think that the defendant cannot object to a cross-examination on the same subject as the direct examination. *Brown* v. *Perkins*, 1 Allen, 89, 96.

The defendant excepted to the admission in evidence of the tools found in the store. They were admissible. "Articles found at the scene of a crime . . . have been frequently admitted in evidence." *Commonwealth* v. *Giacomazza*, 311 Mass. 456, 470. It was no objection to this evidence that it came in after the case was otherwise closed, for the order of evidence is in the discretion of the judge. *Commonwealth* v. *Fine*, 321 Mass. 299, 304. The jury could find that the defendant, as well as his companion in the entering, had possession of the tools. *Commonwealth* v. *Tilley*, 306 Mass. 412, 417. *Commonwealth* v. *Tivnon*, 8 Gray, 375, 381. *Commonwealth* v. *Conlin*, 188 Mass. 282.

*Exceptions overruled.*