COMMONWEALTH *vs.* RONALD KIMBALL. August 24, 1983. *Conspiracy. Practice, Criminal,* Required finding, Instructions to jury. *Evidence,* Expert opinion, Judicial discretion.

The defendant appeals his conviction by a six-person jury of conspiring with one Michael Kennedy to steal the property of Michael Gilligan. We affirm.

1. There was no error in denying the defendant's motion for a required finding of not guilty. The jury could have found the following facts. The Gilligan house was broken into between 2:30 and 5:00 P.M. on December 8, 1981, and certain jewelry and other items were taken. That afternoon, between 3:00 and 3:30 P.M., Gilligan's next door neighbor heard a car with a noisy muffler and saw the defendant drive past her

house very slowly in a plum colored General Motors car and go up Center Street. The neighbor went for a walk about 4:00 P.M., and between 4:00 and 4:30 P.M. she saw the same car, still driven by the defendant, turn into or drive onto Center Street (where the Gilligan residence was located) three separate times. Becoming suspicious, she telephoned the police and, after making the call, went to the front door and saw the same car for a fifth time, now with two people in it, the defendant and another person.

Responding to the neighbor's call, policemen in a cruiser went to Center Street, observed a "maroonish" G. M. car with a very loud muffler and a missing tail light drive past them in the opposite direction. The cruiser turned around and stopped the G. M. car. The defendant was the driver and one Michael Kennedy, a Yarmouth resident known to the policemen, was in the front passenger seat. One of the policemen examined Kennedy's footwear which was deeply cleated and had what the policeman called "Vibrium" soles.

Examination of the Gilligan residence showed several foot prints in the snow of about the same size as Kennedy's shoe and consistent with the "Vibrium" sole. These footprints were recent and had not been there in the morning when Mr. Gilligan left his house. A trained policeman with experience in the use of "K-9" dogs for investigative purposes testified he had followed the footprint trail and had concluded, because of intensive activity in the bushes and inability to follow the trail, that the wearer of the cleated shoe had spent considerable time in the bushes and had left, not by foot, but by automobile. See *Commonwealth* v. *LePage*, 352 Mass. 403, 418-419 (1967).

All the stolen possessions were found strewn from a pillow case ten feet from the road where there were no footprints. Their location was such that the jury could have inferred that they were thrown from the defendant's car while the police cruiser was turning around.

We think the foregoing evidence sufficient under the requirements of *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), to satisfy a jury beyond a reasonable doubt that Kennedy and the defendant conspired to steal the property of Gilligan, that Kennedy broke into the house and after taking the Gilligan belongings waited in the bushes near the road for the defendant, who also acted as lookout, and that when about to be questioned by the police, the pair threw the stolen items from the car.

2. There was no error in allowing the police officer trained in canine investigation to answer, when asked, as to what the fact that the trail ended in the bushes indicated to him. The answer was that "the person was picked up by an automobile." This opinion was, in the discretion of the judge, admissible. See *Commonwealth* v. *Harris*, 1 Mass. App. Ct. 265, 271, S.C., 364 Mass. 236 (1973). No objection was made to the qualifications of the witness, and the officer had expertise in tracking. See Liacos, Massachusetts Evidence 110 (5th ed. 1981).

3. It was not error to admit the police officer's statements that Kennedy's soles were consistent with the footprint photographed by the police at the Gilligan house on the day of the larceny. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133 (1875). *Commonwealth* v. *Cataldo*, 326 Mass. 373, 376 (1950).

4. The judge's instructions, when looked at in whole, adequately covered the Commonwealth's burden of proof, and he did not err in refusing to instruct the jury that "when the evidence tends equally to support two inferences neither can be said to have been established." See *Commonwealth* v. *Kelley*, 359 Mass. 77, 94 (1971).

*Judgment affirmed.*

*Walter T. Healy* (*Frederick C. Mycock* with him) for the defendant.

*Francis E. Scheele*, Assistant District Attorney, for the Commonwealth.