COMMONWEALTH *vs.* RICHARD CAMPBELL.

No. 99-P-1175.

Suffolk. February 7, 2001. - May 7, 2001.

Present: JACOBS, DUFFLY, & CYPHER, JJ.

*Evidence,* Relevancy and materiality, Offer of proof. *Jury and Jurors. Practice, Criminal,* Jury and jurors, Voir dire.

At the trial of a complaint charging assault and battery, arising out of an incident between a jail inmate and a deputy sheriff at the jail, the judge did not abuse his discretion by excluding the defendant's testimony regarding unspecified "problems" with guards at the jail, where the "problems" were not particularized to the time immediately preceding the incident, and the defendant's offer of proof failed to supply detail or clarity to the expected testimony or to its purpose and theory of admissibility [481-482], and where the defendant's contention, that the testimony as to previous "problems" should have been admitted to shed light on his state of mind in order to provide justification for his actions on a theory of self-defense, was raised for the first time on appeal [482-483].

At a criminal trial, the judge did not abuse his discretion in declining to replace a juror who, prior to deliberations, had verbalized frustration to the judge about the inefficiency of the judicial process and the length of the proceeding, or in declining to conduct a voir dire of the other jurors, where such expression of frustration did not necessarily reflect the juror's inability to perform as an impartial trier of fact, or indicate impermissible bias; nor did such remarks constitute an extraneous influence upon the jury. [483-485]

COMPLAINT received and sworn to in the Boston Municipal Court Department on November 5, 1997.

The case was tried before *Dermot Meagher,* J.

*Michele R. Moretti* for the defendant.

*Joseph M. Ditkoff,* Assistant District Attorney, for the Commonwealth.

CYPHER, J. Richard Campbell appeals from his conviction for assault and battery on Deputy Sheriff Melvin Massucco of the

Nashua Street jail.[1] The defendant claims (1) that the judge erred when he excluded the defendant's testimony regarding problems between the defendant and Massucco alleged to have occurred earlier on the day of the offense; and (2) that the judge abused his discretion when he failed to replace a juror who had complained about the inefficiency of the trial and also failed to conduct individual voir dire of the jurors to determine whether they had been improperly influenced by the complaining juror. There was no error.

*Factual background.* On August 8, 1997, the defendant was in the Nashua Street jail awaiting trial. At approximately 9:20 P.M., he was watching television in the multi-purpose room with six or seven other inmates when Massucco entered the room during a routine patrol of the jail. Massucco smelled smoke and asked the inmates who was smoking. The defendant sarcastically responded, "Yes, we're smoking dope." After some further discussion, Massucco ordered the defendant to turn off the television and approach him. Massucco intended to lock the defendant in his cell for the night.

The defendant struck Massucco in the left side of his jaw with a closed fist. Massucco tried to "take him to the ground." As they struggled, the men fell to the floor and Massucco injured his shoulder, rendering his arm useless. The defendant punched Massucco in the face and head between ten and twenty times. Deputy Sheriff Mark Lowre witnessed the end of the altercation, and saw the defendant punch Massucco six to ten times while Massucco was incapacitated and bleeding from his nose and mouth. Lowre pulled the defendant from Massucco and attempted to restrain him. The defendant was kicking and flailing. The jail's emergency response team arrived.[2] The defendant was so combative that it took two teams to restrain him. Deputy Sheriff Anthony Nuzzo accompanied Massucco to the clinic and observed that Massucco was bleeding heavily from his mouth, that he was bleeding from his head, face, and shoulder, that his

---

[1]The defendant was charged with simple assault and battery, G. L. c. 265, § 13A, rather than assault and battery on a correction officer, G. L. c. 127, § 38B.

[2]When Massucco fell, his "man down" alarm summoned an emergency response team.

eyes were swollen, and that his left arm was extended, rigid, and shaking. Massucco was out of work for three months following the incident.

The defendant denied punching Massucco. He testified that he did not assault Massucco, but rather, that Massucco assaulted him and wrestled him to the ground, and that he tried to get away.

1. *Evidentiary ruling.* During direct examination, defense counsel asked the defendant whether something had happened at the defendant's cell on the day of the altercation. The prosecutor objected, and the judge requested a sidebar conference. The prosecutor explained that his objection was based on the relevance of the expected testimony. Counsel for the defendant responded, "Let me make my proffer fast. I expect my client to testify that the, that he had had problems with them prior to this incident," and explained that the testimony was relevant to Massucco's state of mind and to "what transpired between them." The judge did not permit the testimony. Counsel did not pursue the matter.

The judge did not abuse his discretion by excluding the defendant's testimony regarding unspecified problems with the guards. A defendant's constitutional right to present evidence does not "detract[] from a judge's authority to assess the relevance of proffered evidence and to exclude evidence that is of marginal relevance." *Commonwealth* v. *Merola*, 405 Mass. 529, 540 (1989).

On proper offer of proof, testimony concerning events immediately preceding the assault generally would be admissible. See, e.g., *Commonwealth* v. *Seit*, 373 Mass. 83, 90 & 94 (1977) (where defendant was sole witness to any part of event, evidence that victim was mean and violent, proved by specific acts, supported the probability that victim was the aggressor); *Commonwealth* v. *Noble*, 24 Mass. App. Ct. 421, 422 (1987) (in assault and battery case, evidence of the victim's hostile statements toward defendant could be probative of the victim's state of mind and, therefore, admissible to show victim was aggressor).

Here, however, defense counsel's question was not particularized to the time immediately preceding the assault, and the offer

of proof failed to supply detail or clarity to the expected testimony or to its purpose and theory of admissibility.[3] See *Commonwealth* v. *Fontes,* 396 Mass. 733, 735-736 & 738 (1986) (vague and generalized offer of proof which does not clearly show the purpose and the theory under which the evidence was offered is inadequate); *Commonwealth* v. *Cavanaugh,* 7 Mass. App. Ct. 33, 35 (1979); *Commonwealth* v. *Smith,* 26 Mass. App. Ct. 673, 680 (1988). This is not a case where the judge did not need an offer of proof to make the correct ruling because counsel's wide open question may also have elicited inadmissible, irrelevant evidence. Cf. *Commonwealth* v. *Chase,* 26 Mass. App. Ct. 578, 582 (1988). The relevance of such testimony was not readily apparent in light of the evidence of the severe and excessive beating delivered by the defendant, particularly since the defendant denied striking even a single blow. In the circumstances, the judge reasonably could have excluded the testimony. Compare *Commonwealth* v. *Zitano,* 23 Mass. App. Ct. 403, 405-406 (1987) (rejecting defendant's argument that trial judge improperly excluded testimony of specific incidents of the victim's violent behavior where there was not a "hint in the transcript . . . that defense counsel wished to inquire of the witnesses about . . . specific incidents" relied upon in the defendant's brief).

The defendant also argues, for the first time on appeal, that the testimony of previous "problems" should have been admitted to shed light on the defendant's state of mind. This would have permitted the defendant to demonstrate the reasonableness of his apprehension of violent behavior by Massucco and, therefore, would justify his actions on a theory of self-defense. See, e.g., *Commonwealth* v. *Rubin,* 318 Mass. 587, 588 (1945) (evidence of threats by victim to defendant and of victim's violent character, if known by defendant, may be admitted to show defendant's apprehension for his own safety and reasonableness of that apprehension). Although defense counsel requested a self-defense instruction, the case was not tried on a theory of self-defense. The theory at trial, as shown by the

---

[3]There is no indication in the record, and no claim by the defendant, that the judge in any way inhibited counsel from making a competent offer of proof.

defendant's testimony and counsel's closing argument, was that the defendant did not assault Massucco at all.[4] A party "is not permitted to raise an issue before the trial court on a specific ground, and then to present that issue to [the reviewing] court on a different ground." *Commonwealth* v. *Tyree*, 387 Mass. 191, 213 (1982), cert. denied, 459 U.S. 1175 (1983), quoting from *Commonwealth* v. *Flynn*, 362 Mass. 455, 472 (1972). Self-defense would have been an implausible defense in any case given the requirement that the force used be "no greater than required in the circumstances." *Commonwealth* v. *Haddock*, 46 Mass. App. Ct. 246, 248 (1999).[5]

2. *Juror dismissal.* Prior to deliberations, one of the jurors verbalized frustration to the judge about the inefficiency of the judicial process and the length of the proceedings. The defendant moved to strike the juror. The judge did not abuse his discretion in declining to strike the juror or to conduct a voir dire of the other jurors. Nor was he required to offer a curative instruction to the jury.

The decision to discharge a juror is entrusted to the sound discretion of the trial judge. See G. L. c. 234A, § 39 ("The court shall have the discretionary authority to dismiss a juror at any time in the best interests of justice"). When there is an indication that a juror is unable to perform his or her duties, a judge may properly discharge that juror. *Commonwealth* v. *Rock*, 429 Mass. 609, 613-614 (1999) (juror properly dismissed after he said that he had to smoke marijuana in order to stay awake at trial). When a juror makes statements that indicate bias, failure to discharge the juror generally is reversible error. *Commonwealth* v. *Vann Long*, 419 Mass. 798, 804 & n.5 (1995) (juror's statements that he "would hope" he could be fair to the Cambodian defendant were indications of ethnic bias and judge's failure to excuse the juror for cause was reversible error). A juror's complaints about the length of the proceedings, or expressions of frustration about having to serve as a juror, do

---

[4]The trial judge instructed the jury on self-defense, presumably out of an abundance of caution. Cf. *Commonwealth* v. *Barros,* 425 Mass. 572, 575-576 (1977); *Commonwealth* v. *Moore,* 25 Mass. App. Ct. 63, 68 n.5 (1987).

[5]In fact, had such testimony been admitted, it would likely not have assisted the defendant, as it could have provided the motive for the defendant's actions.

not necessarily reflect the juror's inability to perform his or her function as an impartial trier of fact and, therefore, it is properly within the trial judge's discretion to refuse to discharge such a juror. See *Commonwealth* v. *Mabey*, 299 Mass. 96, 99-100 (1937) (no indication that jury was unable or unwilling to give full and careful consideration to the evidence in spite of foreman's statements that jury was beginning to "get kind of jumpy" and that "[w]e [the jury] are just dying to get out").

Moreover, a judge who refuses to discharge a complaining juror also has the discretion to refuse to conduct a voir dire of the remaining jurors. *Commonwealth* v. *Samuel*, 398 Mass. 93, 96 (1986) (trial judge did not abuse discretion by refusing to discharge juror who told judge, "I don't want to be, but I'm here," and by refusing to question the jurors individually about complaining juror's influence).

Expressions of run-of-the-mill frustrations by an exasperated juror about the judicial process are to be expected and should not ordinarily provide a basis to overturn a decision on appeal. Compare *Commonwealth* v. *Mutina*, 366 Mass. 810, 819 (1975) ("Despite his good will, maturity, acumen and sense of civic responsibility and despite his willingness to accept and his efforts to apply judicial instructions, the juror comes to the court room complete with that knowledge and those experiences, expectations, fears and frustrations which have shaped his character and attitudes. Quite apart from questions of obvious bias or admitted prejudice, no juror enters into his temporary judicial service stripped of his background and emotions. To hold otherwise would be to defy human experience"). The complaining juror merely expressed frustration with the inefficiency of the judicial process when he stated that "[i]t seemed that maybe [the proceedings] could, with all due respect please, . . . be a little more efficient . . . ." We concur with the judge's observation that "frustration does not equal bias." See *Commonwealth* v. *Mabey*, 299 Mass. at 99-100; *Commonwealth* v. *Samuel*, 398 Mass. at 96.

There was no indication that the juror's complaints indicated impermissible bias or reflected an inability to perform his function as an impartial trier of fact. Compare *Commonwealth* v.

*Vann Long*, 419 Mass. at 804 & n.5. Accordingly, the judge's denial of the defendant's motion to remove the complaining juror was a proper exercise of his discretion. G. L. c. 234A, § 39.

Finally, the juror's remarks did not constitute an extraneous influence upon the jury, because the remarks did not contain "specific facts not mentioned at trial concerning one of the parties or the matter in litigation [that] were brought to the attention of the deliberating jury by [the] juror." *Commonwealth* v. *Fidler*, 377 Mass. 192, 200 (1979).

*Judgment affirmed.*