NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-368                                              Appeals Court

COMMONWEALTH  vs.  GERMAINE WRAY.

No. 14-P-368.

Hampden.     April 1, 2015. - September 28, 2015.

Present:  Vuono, Meade, & Carhart, JJ.


Practice, Criminal, Objection, Offer of proof.  Evidence, Offer
    of proof, Prior inconsistent statement, Impeachment of
    credibility, Credibility of witness.  Witness, Impeachment,
    Credibility.


Complaint received and sworn to in the Springfield Division
of the District Court Department on November 20, 2012.

The case was tried before Mary E. Hurley, J.


Peter J. Brewer for the defendant.
Alyson C. Yorlano, Assistant District Attorney, for the
Commonwealth.


CARHART, J.  The defendant appeals from his convictions of

assault and threating to commit a crime.[1]  He claims that the

_____

[1] The defendant was charged with assault and battery and was
convicted of the lesser included offense of assault.  He was
also charged with assault by means of a dangerous weapon, but

judge erred by barring defense counsel from eliciting from the alleged victim, Rosa Cruz, the sole witness in the case, whether she had made certain statements to defense counsel that were inconsistent with her testimony at trial. We reverse.

Background. The jury could have found the following facts based on the evidence presented at trial. The defendant and Cruz had been in a dating relationship for about one month, when, on November 19, 2012, they both attended a Narcotics Anonymous meeting in West Springfield. Before the meeting began, the defendant saw Cruz hug another man. The defendant became upset, started yelling at Cruz, and said that he was going to come back and "fuck [her] up." That night, Cruz was interviewed by and gave two statements to the police. In her first statement, Cruz did not say that the defendant pushed her. In her second statement, Cruz stated that the defendant did, in fact, push her.[2] At trial, Cruz testified that the defendant tried to push her, but said several times that she could not remember if he actually touched her. Subsequently, the prosecutor refreshed her memory with the second statement that she gave to the police on the night of the incident. The following exchange ensued:

---

the Commonwealth filed a nolle prosequi on that count prior to trial.

[2] Neither statement appears in the record.

Prosecutor:     "Did he make physical contact with you?"

Cruz:           "He pushed me, yeah, but it wasn't a push that I fell."

Prosecutor:     "Okay.  But he touched you?"

Cruz:           "Yes."

On the day of trial, before it began, defense counsel spoke with Cruz about the incident that formed the basis for the charge of assault and battery.[3]  Specifically, defense counsel asked Cruz whether the defendant had pushed her.  Cruz stated that the defendant did not touch her on November 19, 2012, and that he did not make a pushing or threatening motion towards her.  On recross-examination, defense counsel attempted to ask Cruz about these statements.  The Commonwealth objected, after which the following discussion took place at sidebar:

Prosecutor:       "This is definitely hearsay."

The court:        "Yes, it's hearsay."

Defense counsel:  "It's used to impeach her."

The court:        "It's hearsay."

Prosecutor:       "I mean if [defense counsel] wants to take the stand and I can cross-examine her."

The court:        "It's hearsay.  It's not . . . I mean (inaudible) as it's phrased."

---

[3] The parties agreed to expand the record on appeal to include the details of this conversation.

The judge sustained the Commonwealth's objection and instructed the jury to disregard the question.

In her closing argument, defense counsel argued that Cruz's "testimony [was] not really reliable" because she did not state that the defendant touched her until the prosecutor refreshed her recollection with one of her statements to police. The Commonwealth argued in its closing argument that Cruz's reliability was the central issue in the trial.[4] As noted, the jury found the defendant not guilty of assault and battery, but guilty of the lesser included offense of assault and of threatening to commit a crime.

Discussion. The defendant argues that a reversal is required because the judge improperly prevented defense counsel from eliciting impeachment evidence from Cruz on recross-examination. The Commonwealth concedes that the judge erred, but asserts that the error does not warrant a new trial. We begin by addressing the appropriate standard of review.

The defendant claims that the appropriate standard of review is prejudicial error because defense counsel preserved the issue by informing the judge, at sidebar, that she intended to offer the statement for impeachment purposes. The

---

[4] Specifically, the prosecutor stated: "The question, is do you believe her or don't you believe her? That's what this trial is about."

Commonwealth argues that because defense counsel failed to take exception to the judge's adverse ruling, our review is for a substantial risk of a miscarriage of justice.  We disagree.  The "archaic" rule requiring an exception to preserve an issue for appellate review was abolished by the adoption of rule 22 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 892 (1979).  Rule 22 provides that "[e]xceptions to rulings or orders of the court are [now] unnecessary and . . . it is [now] sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court . . . ."  Here, defense counsel stated at sidebar that she wanted to introduce the prior inconsistent statement at trial for the purpose of impeaching the witness's testimony.  See Commonwealth v. Hollie, 47 Mass. App. Ct. 538, 541 n.3 (1999) ("[T]rial counsel need not achieve perfection in identifying every impropriety . . . so long as the objection alerts the judge to the grounds on which trial counsel objected").  Although defense counsel did not specifically object to the judge's adverse ruling, the fact that she, in effect, made an offer of proof as to the statement's admissibility put the judge on notice of the purpose of the proffered statement and satisfied the requirements of rule 22.[5]  See Commonwealth v.

_____

[5] The dissent contends that defense counsel's statements did

Jewett, 392 Mass. 558, 562 (1984), quoting from Commonwealth v. Graziano, 368 Mass. 325, 330 (1975) (counsel is "not required to make further efforts 'in the face of the judge's unequivocal adverse ruling'"); Commonwealth v. Bonds, 445 Mass. 821, 828 (2006) ("We have consistently interpreted [rule 22] to preserve appellate rights only when an objection is made in a form or context that reveals the objection's basis"). See also Commonwealth v. Ayala, 29 Mass. App. Ct. 592, 598 n.8 (1990). "To rule otherwise would exalt form over substance." Commonwealth v. Morin, 52 Mass. App. Ct. 780, 783 n.3 (2001), quoting from Commonwealth v. Spear, 43 Mass. App. Ct. 583, 589 n.8 (1997). Accordingly, we review for prejudicial error. Commonwealth v. Parent, 465 Mass. 395, 399 (2013).

---

not constitute an offer of proof and notes that an offer of proof was required here "to preserve for appellate review the issue of the degree of prejudice caused by the erroneous ruling." Post at      , quoting from Commonwealth v. Chase, 26 Mass. App. Ct. 578, 582 (1988). We disagree; an offer of proof was not required here because the substance of the evidence was "apparent from the context." Mass. G. Evid. § 103(a)(2) (2015). Because this was a single-witness case, defense counsel's strategy at trial was to undermine Cruz's credibility by impeaching her with her contradictory statements. Defense counsel's question to Cruz -- "And I asked you whether there was physical contact?" -- considered in light of the defendant's trial strategy, makes clear the substance and materiality of the evidence. See Commonwealth v. Donovan, 17 Mass. App. Ct. 83, 88 (1983) (no offer of proof needed where substance of testimony was apparent from defense counsel's questions). Cf. Commonwealth v. Campbell, 51 Mass. App. Ct. 479, 482 (2001) (offer of proof required where "counsel's wide open question may also have elicited inadmissible, irrelevant evidence").

"An error is nonprejudicial only '[i]f . . . the conviction is sure that the error did not influence the jury, or had but very slight effect . . . .'" Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting from Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983). "The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error." Commonwealth v. Peruzzi, supra at 445-446, quoting from Kotteakos v. United States, 328 U.S. 750, 764-765 (1946). Rather, it is "whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." Id. at 746, quoting from Commonwealth v. Kotteakos, supra at 765.

First, we reject the Commonwealth's argument that although the judge erred in ruling that defense counsel could not present the impeachment evidence as it related to the assault and battery charge, the judge had the discretion to prevent such inquiry as it related to the threat to commit a crime charge because it did not affect the elements of that offense. This argument misses the point. The issue is the extent to which the admission of an inconsistent statement would have affected the victim's credibility. See Commonwealth v. Polk, 462 Mass. 23, 33 (2012) (where proffered evidence goes to victim's credibility in case that rests "almost entirely" on victim's credibility, "a judge's evidentiary decision assumes a constitutional

dimension").  Cf. <u>Commonwealth</u> v. <u>Sherry</u>, 386 Mass. 682, 693 (1982) (no abuse of discretion where excluded statement "was offered only to impeach [the victim's] credibility generally and not as to her description of the events in issue").  Here, because Cruz's testimony was the only evidence presented for both the assault and battery and the threat to commit a crime charges, her "credibility was the sole issue at trial" and thus was material.  See <u>Commonwealth</u> v. <u>Parent</u>, <u>supra</u> at 401-402 (exclusion of prior inconsistent statement required reversal of one of three charges because that charge was based solely on victim's testimony).[6]

The Commonwealth also contends that in both instances, the judge's limitation on defense counsel's ability to confront Cruz with her inconsistent statement was not reversible error because the statement was cumulative of other impeachment evidence presented at trial, and defense counsel adequately undermined Cruz's credibility on cross-examination.  We disagree.  The right to confront witnesses is a fundamental right granted to all persons who are accused of a criminal offense.  See <u>Olden</u> v.

---

[6] We acknowledge that <u>Commonwealth</u> v. <u>Parent</u> is distinguishable from this case because there, the court vacated only the conviction associated with the improperly excluded statement.  465 Mass. at 396-397.  As noted, however, because here Cruz's credibility was the main issue at trial for both charges, we conclude that the judge's error also prejudiced the defendant with respect to the threat to commit a crime charge.

Kentucky, 488 U.S. 227, 231 (1988); Commonwealth v. Tam Bui, 419 Mass. 392, 400 (1995). This right, found in the Sixth Amendment to the United States Constitution as well as in art. 12 of the Massachusetts Declaration of Rights, takes many forms. Commonwealth v. Tam Bui, supra. In the context of a criminal trial, "'a primary interest secured by [the confrontation clause] is the right of cross-examination' . . . [which] is the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v. Alaska, 415 U.S. 308, 315-316 (1974), quoting from Douglas v. Alabama, 380 U.S. 415, 418 (1965). Impeachment with prior inconsistent statements is one method of testing the witness's credibility. Indeed, it is well established "that if a witness either upon his direct or cross-examination testifies to a fact which is relevant to the issue on trial the adverse party, for the purpose of impeaching his testimony, may show that the witness has made previous inconsistent or conflicting statements." Commonwealth v. Parent, 465 Mass. at 399-400, quoting from Robinson v. Old Colony St. Ry., 189 Mass. 594, 596 (1905). See Commonwealth v. Polk, 462 Mass. at 33, quoting from Commonwealth v. Ruffen, 399 Mass. 811, 816 (1987) ("[O]ur 'Constitution requires that a defendant be permitted to introduce evidence which may materially affect the credibility of the [alleged] victim's testimony'"). Moreover, where prior inconsistent statements

relate to a main issue at trial, the judge has "no discretion to preclude their use for impeachment purposes." Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 197 (1992). See Commonwealth v. Moore, 50 Mass. App. Ct. 730, 736-737 (2001) (judge erred in disallowing introduction of contradictory statements which could have undermined witness's credibility). See also Commonwealth v. West, 312 Mass. 438, 440 (1942).

Here, although the prosecutor and judge misconstrued the proffered evidence as hearsay, defense counsel indicated that she sought to introduce it for purposes of impeaching Cruz. Indeed, the crux of the defense at trial was that Cruz was not credible and that "evidence that her description [of the defendant's actions] changed from one telling to the next is probative of whether her story is true and whether it deserves to be credited beyond a reasonable doubt." Commonwealth v. Parent, 465 Mass. at 401. By limiting defense counsel's ability to confront Cruz with the inconsistent statement, the judge deprived the jury of an essential statement made by Cruz, which could have assisted the jury in evaluating her credibility. This limitation is particularly troublesome here because this was a one-witness trial, the outcome of which necessarily depended on Cruz's credibility. Moreover, Cruz's inconsistent statements were not cumulative of other evidence as the

Commonwealth claims.[7]  To the contrary, we can think of no more compelling impeachment evidence than statements such as the one here that are diametrically opposed to the witness's in-court testimony.[8]  In sum, because Cruz's testimony was the only evidence presented at trial, her credibility was a critical issue in the case.  Accordingly, the judge's failure to allow defense counsel to elicit Cruz's prior inconsistent statement

---

[7] The dissent also concludes that this evidence was cumulative of other impeachment evidence.  See post at          .  The cases relied upon by the dissent in reaching this conclusion, however, are inapposite.  In Commonwealth v. Clarke, 418 Mass. 207, 211-212 (1994), the Supreme Judicial Court held that it was not error to deny defense counsel's request to admit in evidence written inconsistent statements, which had already been read in their entirety to the jury.  Here, however, the jury were prevented from even hearing about Cruz's statements to defense counsel.  Likewise, Commonwealth v. Aguiar, 78 Mass. App. Ct. 193 (2010), is readily distinguishable.  In that case, the victim's mother testified that during a counselling session at which she was present, the defendant admitted to sexually assaulting the victim.  Id. at 198.  The defendant testified at trial and denied making any such statements.  Ibid.  Defense counsel then attempted to elicit testimony from the defendant's wife that the defendant had not made admissions during the counselling session, but was prevented from doing so.  Id. at 205.  We concluded that although error, the exclusion of the wife's testimony was not prejudicial because it "would have added little to her husband's denial," and the alleged admission did not figure prominently into either side's theory of the case.  Id. at 206-207.  Unlike in Aguiar, the entire case here turned on whether the jury believed the defendant or Cruz.  Accordingly, the testimony defense counsel sought to elicit was a critical piece of evidence, which was not cumulative of the other impeachment evidence presented at trial.

[8] Because, however, defense counsel was not allowed to question Cruz about her inconsistent statement, it is unclear whether Cruz would have adopted the statement she made to defense counsel on the day of trial or repudiated it.

deprived the defendant of his right to a fair trial.  We therefore reverse the judgments and set aside the verdicts.

<u>So ordered</u>.

MEADE, J. (dissenting). The majority concludes that the defendant was denied a fair trial due to the judge's error on an evidentiary matter. While I agree that the judge's ruling was in error, I part company with the majority on whether the matter was properly preserved as well as its view that the error resulted in unfair prejudice to the defendant, or (because the claim was not preserved) whether the error created a substantial risk of a miscarriage of justice. Because I do not believe a new trial is required, I respectfully dissent.

During cross-examination of the victim, defense counsel impeached the victim with the fact that her initial report to the police did not include her claim that the defendant pushed her.[1] Defense counsel also elicited from the victim that she only testified to the occurrence of the push after her recollection was refreshed. On redirect, the prosecutor established that both of the victim's statements to the police were made on the night of the incident.

On recross-examination, defense counsel changed tack, and attempted to ask the victim about a conversation the two had had earlier in the day before the trial began. After the victim

_____

[1] The victim gave the police two conflicting reports of what occurred on the evening in question. In her first statement (given at the scene), the victim did not mention being pushed by the defendant, and in the second (given at the police station), she stated that the defendant pushed her.

acknowledged the conversation, defense counsel asked: "And I asked you whether there was physical contact?" At that point, as described in the majority opinion, the prosecutor objected, and a sidebar conference was held. There, the prosecutor imposed his hearsay objection, and the judge agreed despite defense counsel's explanation that she was trying to impeach the victim. The judge ended the sidebar conference and ruled that the question, "as it [was] phrased," sought a hearsay response. The judge sustained the prosecutor's objection. Defense counsel did not attempt to rephrase the question, said nothing more, and returned to the subject of the victim's conflicting statements to the police.

The majority concludes that even though defense counsel "did not specifically object" to the judge's restriction on cross-examination, the defendant's Sixth Amendment confrontation clause claim was preserved for appellate review. For the majority, this occurred when defense counsel "in effect" made an offer of proof as to the purpose of the question. Having it both ways, the majority also claims that an offer of proof was not required. See ante at        & note 5. I disagree. Although the majority is correct regarding the impropriety of the Commonwealth's antiquated notion that the defense counsel should have taken an "exception" to the ruling, the issue was nonetheless not preserved where defense counsel failed to object

when the judge prohibited the intended line of inquiry. All counsel needed to do to preserve the issue for appeal was to say, "Please note my objection," or at the very least, she could have rephrased the question in accordance with the judge's ruling. Instead, defense counsel silently walked away from the side-bar conference and resumed her inquiry regarding the victim's statements to the police.

The majority's conclusion that this issue was preserved is fatally at odds with the contemporaneous objection rule and the obvious and salutary purposes of the waiver doctrine, "a crucial component of our legal system." Commonwealth v. Kilburn, 438 Mass. 356, 360 (2003). See Commonwealth v. Bly, 444 Mass. 640, 650 (2005) ("[T]he waiver doctrine . . . is a cornerstone of our criminal justice system"). See also Commonwealth v. Amirault, 424 Mass. 618, 641 n.15 (1997) ("A constitutional right is, in most cases . . . a right to insist that things be done in a certain way, but it is not a right that they be done in that way if the defendant does not choose to insist. . . . [A] right that must be claimed is not denied if it is not claimed, and the proceeding in which the claim is not made is, in that respect, wholly free from error"). A simple objection would have preserved the issue for appeal, but that did not occur.

Furthermore, defense counsel's statement that she wished to impeach the victim did not constitute an offer of proof. "The

offer of proof requirement serves several purposes. An offer of proof may assist the trial judge in making the correct ruling. And the presence of an offer of proof in a record on appeal enables an appellate court to determine whether an error was made and, if so, how harmful it was to the defendant." Commonwealth v. Chase, 26 Mass. App. Ct. 578, 581 (1988). See Mass. G. Evid. § 103(a)(2) (2015). In general, an offer of proof is not required when evidence is excluded on cross-examination, because the offer must point to evidence "actually available . . . , and the cross-examiner will often be unable to state what the answer would have been if the question had been allowed." Commonwealth v. Barnett, 371 Mass. 87, 95 (1976). But this case does not fit within that general rubric. Defense counsel was not only the proponent of the excluded evidence, but she was also fully aware of the contents of her pretrial exchange with the victim. In that posture, defense counsel was uniquely and solely qualified to explain, in an offer of proof, what she expected the victim's answer to have been had she been permitted to ask the excluded question. Even though the "judge did not need an offer of proof to make the correct ruling," such an offer was required "to preserve for appellate review the issue of the degree of prejudice caused by the erroneous ruling." Commonwealth v. Chase, supra at 582. In fact, contrary to the majority's opinion, this is not a case where

counsel "was not required to make further efforts 'in the face of the judge's unequivocal adverse ruling.'" Commonwealth v. Jewett, 392 Mass. 558, 562 (1984), quoting from Commonwealth v. Graziano, 368 Mass. 325, 330 (1975).[2] Indeed, the judge's ruling expressly gave defense counsel the opportunity to rephrase the question if not lodge an objection for the first time.

Finally, prior to the defendant's appeal being docketed in this court, the parties stipulated to an expansion of the record. As set out in the majority opinion, the parties agreed that when asked prior to trial by defense counsel, the victim denied that a battery occurred on the night in question. While I remain puzzled as to the purpose of this document nestled in the defendant's record appendix, or for that matter why the Commonwealth joined the stipulation, what is clear is that it is

---

[2] In support of its conclusion that the issue was preserved and defense counsel, "in effect, made an offer of proof" by telling the judge she sought to impeach the victim, the majority relies on Commonwealth v. Jewett, 392 Mass. at 562, which is inapposite. In Jewett, defense counsel explained in "detail" how counsel proposed to call a witness and how that witness would support the defendant's misidentification defense. Id. at 561. Even though the judge "cut off" the offer of proof, the court held the judge was provided with sufficient information to have been alerted to the relevance of the witness's testimony in an alibi and mistaken identity case. Ibid. Furthermore, the judge concluded the discussion by saving the defendant's rights. Id. 561-562 & n.3. Here, in contrast, there was no effort to discuss the significance of the testimony, let alone a detailed effort. Rather, defense counsel said five words: "It's used to impeach her," simply walked away, and the judge did not save any rights.

not an appropriate substitute for an offer of proof.[3] The document merely recites what the parties agreed the content of the conversation was, but it does not specify how the victim would have answered the excluded question at trial. See Commonwealth v. Fontes, 396 Mass. 733, 738 (1986) (vague and generalized offers of proof are not adequate). See also Commonwealth v. Donahue, 369 Mass. 943, 950-951, cert. denied, 429 U.S. 833 (1976) (after judge restricted cross-examination, "it was not made apparent to the judge by defense counsel that restriction of this line of questioning would substantially prejudice the defendant, nor was it made clear how the answers sought could be substantially helpful to the defendant's case"). More importantly, even if one could conclude that the victim would have admitted rather than denied the contents of conversation as reported to this court by the parties,[4] none of this was before the judge. Offers of proof are not properly made for the first time on appeal; they need to be made during trial, as they "may assist the trial judge in making the correct ruling." Commonwealth v. Chase, 26 Mass. App. Ct. at 581. Like a timely objection, an offer of proof at trial provides both the

---

[3] The majority does not claim otherwise.

[4] The majority likewise properly states that it unclear whether the victim would have adopted the statement or repudiated it. See ante at note 8.

judge and the prosecutor the opportunity to consider, and perhaps rectify, their decisions and trial tactics while it is still possible to do so. See Commonwealth v. Morris M., 70 Mass. App. Ct. 688, 697-698 (2007). Simply put, the defendant's trial was the "main event," not merely a "tryout on the road" to the appeal. Wainwright v. Sykes, 433 U.S. 72, 90 (1977). Appellate review should be based on what occurred at trial, not what might have been. See Commonwealth v. Stout, 356 Mass. 237, 242 (1969); Commonwealth v. Chase, 433 Mass. 293, 297 (2001). The issue was not preserved, and thus, this court's review should be limited to determining whether the error created a substantial risk of a miscarriage of justice.

To determine whether the judge's error created a substantial risk of a miscarriage of justice, and keeping in mind that "[e]rrors of this magnitude are extraordinary events and relief is seldom granted," Commonwealth v. Randolph, 438 Mass. 290, 297 (2002), we ask four questions. They are: "(1) Was there error? (2) Was the defendant prejudiced by the error? (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? (4) May we infer from the record that counsel's failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?" Id. at 298 (citations omitted). "Only if the answer to all four

questions is 'yes' may we grant relief." Ibid. See Commonwealth v. Russell, 439 Mass. 340, 345 (2003).

I agree with the majority that, as the Commonwealth concedes, the judge's hearsay ruling was erroneous. Although there was error, it neither unfairly prejudiced the defendant nor materially influenced the verdict. What unfolded in this case was the common but unfortunate reality of a domestic violence victim being reluctant to testify against her abuser. Her testimony on whether a battery occurred was vague and contradictory. Her memory had to be refreshed before she testified that the defendant pushed her. Defense counsel thoroughly and effectively cross-examined the victim on her contradictory statements to the police, and the necessity of the prosecutor refreshing her recollection. Defense counsel continued the same theme in her closing argument in which she highlighted the inconsistencies in the victim's testimony, argued that the victim was not credible, and suggested that she was pressured by the prosecutor to provide the "right answer."

Defense counsel's closing argument relative to the making threats charge focused on the vagueness of the defendant's statement that he was "going to fuck you up," and at whom it was directed since others were present. Counsel further argued that: it was not a crime to use "angry words"; it was not reasonable for the victim to believe the defendant was going to

carry out the threat; the victim did not summons the police; and the victim and the defendant remained friends. Defense counsel neither challenged the victim's credibility vis-à-vis the threats charge, nor argued that the victim's equivocation on the battery was a reason for finding the defendant not guilty of the threats charge. Indeed, threatening to commit a crime does not include any element of a physical touching. See Commonwealth v. Sholley, 432 Mass. 721, 724-725 (2000).

Against this backdrop, all that remains to be determined is whether the judge's ruling, which precluded an additional round of impeachment on the occurrence of the battery, unfairly prejudiced the defendant or whether the error materially influenced the verdict. I answer both questions in the negative. The most informative item -- as well as the highest contributor to my conclusion -- is the glaring fact that the jury only convicted the defendant of the lesser included charge of assault. In other words, despite the judge's error, the jury did not believe the victim's testimony on the occurrence of battery. Any additional impeachment on this issue would have been cumulative of what had been achieved on the assault and battery charge, and it would not have been relevant to the defense mounted and argued on the threats charge. See Commonwealth v. Aguiar, 78 Mass. App. Ct. 193, 206-207 (2010) (exclusion of cumulative impeachment evidence was error, but not

prejudicial).  Cf. Commonwealth v. Clarke, 418 Mass. 207, 211-213 (1994) (no abuse of discretion in exclusion of witness's prior inconsistent written statements where they would have been cumulative of statements read to jury and defendant impeached witness with twenty prior convictions, including convictions of crimes of dishonesty).[5]

Although I conclude the matter was not preserved, and no risk of a miscarriage of justice resulted, I would reach the same conclusion if it had been the subject of a proper objection and offer of proof.  In the end, the error did "not influence the jury, or had but very slight effect."  Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994) (quotation omitted).  "If the defendant had been entitled to a perfect trial, I would comfortably side with the majority.  But he was not."

[5] The majority claims Commonwealth v. Aguiar, supra, is inapposite because here "the testimony defense counsel sought to elicit was a critical piece of evidence, which was not cumulative of other impeachment evidence at trial."  See ante at note 7.  However, as described above, it is abundantly clear that the victim had already successfully been impeached on the occurrence of the battery through her contradictory statements to the police.  Additional impeachment on the occurrence of the battery through a pretrial conversation with defense counsel would most certainly be cumulative.  Similarly, the majority finds fault in any comparison to Commonwealth v. Clarke, supra.  That case merely illustrates the idea of cumulative evidence in a different context, which is why my citation to it is preceded with a cf. signal.  The majority is correct that the jury were prevented from hearing about the victim's conversation with defense counsel.  However, the topic of that conversation was the same as the topic of the victim's impeachment vis-à-vis her statements to the police.

Commonwealth v. Ramsey, 76 Mass. App. Ct. 844, 852 (2010) (Meade, J., dissenting), citing Commonwealth v. Lodge, 431 Mass. 461, 476 (2000).  Because the defendant received a fair trial, I respectfully dissent.