Carhart, J.
The defendant appeals from his convictions of assault and threatening to commit a crime.[1] He claims that the judge erred by barring defense counsel from eliciting from the alleged victim, Rosa Cruz, the sole witness in the case, whether she had made certain statements to defense counsel that were inconsistent with her testimony at trial. We reverse.
Background. The jury could have found the following facts based on the evidence presented at trial. The defendant and Cruz had *404 been in a dating relationship for about one month when, on November 19, 2012, they both attended a Narcotics Anonymous meeting in West Springfield. Before the meeting began, the defendant saw Cruz hug another man. The defendant became upset, started yelling at Cruz, and said that he was going to come back and “fuck [her] up.” That night, Cruz was interviewed by and gave two statements to the police. In her first statement, Cruz did not say that the defendant pushed her. In her second statement, Cruz stated that the defendant did, in fact, push her.[2] At trial, Cruz testified that the defendant tried to push her, but said several times that she could not remember if he actually touched her. Subsequently, the prosecutor refreshed her memory with the second statement that she gave to the police on the night of the incident. The following exchange ensued:
Prosecutor: “Did he make physical contact with you?”
Cruz: “He pushed me, yeah, but it wasn’t a push that I fell.”
Prosecutor: “Okay. But he touched you?”
Cruz: “Yes.”
On the day of trial, before it began, defense counsel spoke with Cruz about the incident that formed the basis for the charge of assault and battery.[3] Specifically, defense counsel asked Cruz whether the defendant had pushed her. Cruz stated that the defendant did not touch her on November 19, 2012, and that he did not make a pushing or threatening motion towards her. On recross-examination, defense counsel attempted to ask Cruz about these statements. The Commonwealth objected, after which the following discussion took place at sidebar:
Prosecutor: “This is definitely hearsay.”
The court: “Yes, it’s hearsay.”
Defense counsel: “It’s used to impeach her.”
The court: “It’s hearsay.”
Prosecutor: “I mean if [defense counsel] wants to take the stand and I can cross-examine her.”
*405 The court: “It’s hearsay. It’s not... I mean [inaudible] as it’s phrased.”
The judge sustained the Commonwealth’s objection and instructed the jury to disregard the question.
In her closing argument, defense counsel argued that Cruz’s “testimony [was] not really reliable” because she did not state that the defendant touched her until the prosecutor refreshed her recollection with one of her statements to police. The Commonwealth argued in its closing argument that Cruz’s reliability was the central issue in the trial.[4] As noted, the jury found the defendant not guilty of assault and battery, but guilty of the lesser included offense of assault and of threatening to commit a crime.
Discussion. The defendant argues that a reversal is required because the judge improperly prevented defense counsel from eliciting impeachment evidence from Cruz on recross-examination. The Commonwealth concedes that the judge erred, but asserts that the error does not warrant a new trial. We begin by addressing the appropriate standard of review.
The defendant claims that the appropriate standard of review is prejudicial error because defense counsel preserved the issue by informing the judge, at sidebar, that she intended to offer the statement for impeachment purposes. The Commonwealth argues that because defense counsel failed to take exception to the judge’s adverse ruling, our review is for a substantial risk of a miscarriage of justice. We disagree. The “archaic” rule requiring an exception to preserve an issue for appellate review was abolished by the adoption of rule 22 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 892 (1979). Rule 22 provides that “[exceptions to rulings or orders of the court are [now] unnecessary and ... it is [now] sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court. . . .” Here, defense counsel stated at sidebar that she wanted to introduce the prior inconsistent statement at trial for the purpose of impeaching the witness’s testimony. See Commonwealth v. Hollie, 47 Mass. App. Ct. 538, 541 n.3 (1999) (“[T]rial counsel need not achieve perfection in identifying every impropriety ... so long as the objection alerts the judge to the grounds on which trial counsel objected”). Al *406 though defense counsel did not specifically object to the judge’s adverse ruling, the fact that she, in effect, made an offer of proof as to the statement’s admissibility put the judge on notice of the purpose of the proffered statement and satisfied the requirements of rule 22.[5] See Commonwealth v. Jewett, 392 Mass. 558, 562 (1984), quoting from Commonwealth v. Graziano, 368 Mass. 325, 330 (1975) (counsel is “not required to make further efforts ‘in the face of the judge’s unequivocal adverse ruling’ ”); Commonwealth v. Bonds, 445 Mass. 821, 828 (2006) (“We have consistently interpreted [rule 22] to preserve appellate rights only when an objection is made in a form or context that reveals the objection’s basis”). See also Commonwealth v. Ayala, 29 Mass. App. Ct. 592, 598 n.8 (1990). “To rule otherwise would exalt form over substance.” Commonwealth v. Morin, 52 Mass. App. Ct. 780, 783 n.3 (2001), quoting from Commonwealth v. Spear, 43 Mass. App. Ct. 583, 589 n.8 (1997). Accordingly, we review for prejudicial error. Commonwealth v. Parent, 465 Mass. 395, 399 (2013).
“An error is nonprejudicial only ‘[i]f... the conviction is sure that the error did not influence the jury, or had but very slight effect ....’” Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), quoting from Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983). “The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error.” Commonwealth v. Peruzzi, supra at 445-446, quoting from Kotteakos v. United States, 328 U.S. 750, 764-765 (1946). Rather, it is “whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.” *407 Id. at 746, quoting from Commonwealth v. Kotteakos, supra at 765.
First, we reject the Commonwealth’s argument that although the judge erred in ruling that defense counsel could not present the impeachment evidence as it related to the assault and battery charge, the judge had the discretion to prevent such inquiry as it related to the threat to commit a crime charge because it did not affect the elements of that offense. This argument misses the point. The issue is the extent to which the admission of an inconsistent statement would have affected the victim’s credibility. See Commonwealth v. Polk, 462 Mass. 23, 33 (2012) (where proffered evidence goes to victim’s credibility in case that rests “almost entirely” on victim’s credibility, “a judge’s evidentiary decision assumes a constitutional dimension”). Cf. Commonwealth v. Sherry, 386 Mass. 682, 693 (1982) (no abuse of discretion where excluded statement “was offered only to impeach [the victim’s] credibility generally and not as to her description of the events in issue”). Here, because Cruz’s testimony was the only evidence presented for both the assault and battery and the threat to commit a crime charges, her “credibility was the sole issue at trial” and thus was material. See Commonwealth v. Parent, supra at 401-402 (exclusion of prior inconsistent statement required reversal of one of three charges because that charge was based solely on victim’s testimony).[6]
The Commonwealth also contends that in both instances, the judge’s limitation on defense counsel’s ability to confront Cruz with her inconsistent statement was not reversible error because the statement was cumulative of other impeachment evidence presented at trial, and defense counsel adequately undermined Cruz’s credibility on cross-examination. We disagree. The right to confront witnesses is a fundamental right granted to all persons who are accused of a criminal offense. See Olden v. Kentucky, 488 U.S. 227, 231 (1988); Commonwealth v. Tam Bui, 419 Mass. 392, 400 (1995). This right, found in the Sixth Amendment to the United States Constitution as well as in art. 12 of the Massachusetts Declaration of Rights, takes many forms. Commonwealth v. *408 Tam Bui, supra. In the context of a criminal trial, “ ‘a primary interest secured by [the confrontation clause] is the right of cross-examination’ . . . [which] is the principal means by which the believability of a witness and the truth of his testimony are tested.” Davis v. Alaska, 415 U.S. 308, 315-316 (1974), quoting from Douglas v. Alabama, 380 U.S. 415, 418 (1965). Impeachment with prior inconsistent statements is one method of testing the witness’s credibility. Indeed, it is well established “that if a witness either upon his direct or cross-examination testifies to a fact which is relevant to the issue on trial the adverse party, for the purpose of impeaching his testimony, may show that the witness has made previous inconsistent or conflicting statements.” Commonwealth v. Parent, 465 Mass. at 399-400, quoting from Robinson v. Old Colony St. Ry., 189 Mass. 594, 596 (1905). See Commonwealth v. Polk, 462 Mass. at 33, quoting from Commonwealth v. Ruffen, 399 Mass. 811, 816 (1987) (“[0]ur ‘Constitution requires that a defendant be permitted to introduce evidence which may materially affect the credibility of the [alleged] victim’s testimony’ ”). Moreover, where prior inconsistent statements relate to a main issue at trial, the judge has “no discretion to preclude their use for impeachment purposes.” Commonwealth v. Donnelly, 33 Mass. App. Ct. 189, 197 (1992). See Commonwealth v. Moore, 50 Mass. App. Ct. 730, 736-737 (2001) (judge erred in disallowing introduction of contradictory statements which could have undermined witness’s credibility). See also Commonwealth v. West, 312 Mass. 438, 440 (1942).
Here, although the prosecutor and judge misconstrued the proffered evidence as hearsay, defense counsel indicated that she sought to introduce it for purposes of impeaching Cruz. Indeed, the crux of the defense at trial was that Cruz was not credible and that “evidence that her description [of the defendant’s actions] changed from one telling to the next is probative of whether her story is true and whether it deserves to be credited beyond a reasonable doubt.” Commonwealth v. Parent, 465 Mass. at 401. By limiting defense counsel’s ability to confront Cruz with the inconsistent statement, the judge deprived the jury of an essential statement made by Cruz, which could have assisted the jury in evaluating her credibility. This limitation is particularly troublesome here because this was a one-witness trial, the outcome of which necessarily depended on Cruz’s credibility. Moreover, Cruz’s inconsistent statements were not cumulative of other *409 evidence as the Commonwealth claims.[7] To the contrary, we can think of no more compelling impeachment evidence than statements such as the one here that are diametrically opposed to the witness’s in-court testimony.[8] In sum, because Cruz’s testimony was the only evidence presented at trial, her credibility was a critical issue in the case. Accordingly, the judge’s failure to allow defense counsel to elicit Cruz’s prior inconsistent statement deprived the defendant of his right to a fair trial. We therefore reverse the judgments and set aside the verdicts.

So ordered.

 The defendant was charged with assault and battery and was convicted of the lesser included offense of assault. He was also charged with assault by means of a dangerous weapon, but the Commonwealth filed a nolle prosequi on that count prior to trial.

 Neither statement appears in the record.

 The parties agreed to expand the record on appeal to include the details of this conversation.

 Specifically, the prosecutor stated: “The question, is do you believe her or don’t you believe her? That’s what this trial is about.”

 The dissent contends that defense counsel’s statements did not constitute an offer of proof and notes that an offer of proof was required here “to preserve for appellate review the issue of the degree of prejudice caused by the erroneous ruling.” Post at 411, quoting from Commonwealth v. Chase, 26 Mass. App. Ct. 578, 582 (1988). We disagree; an offer of proof was not required here because the substance of the evidence was “apparent from the context.” Mass. G. Evid. § 103(a)(2) (2015). Because this was a single-witness case, defense counsel’s strategy at trial was to undermine Cruz’s credibility by impeaching her with her contradictory statements. Defense counsel’s question to Cruz —• “And I asked you whether there was physical contact?” — considered in light of the defendant’s trial strategy, makes clear the substance and materiality of the evidence. See Commonwealth v. Donovan, 17 Mass. App. Ct. 83, 88 (1983) (no offer of proof needed where substance of testimony was apparent from defense counsel’s questions). Cf. Commonwealth v. Campbell, 51 Mass. App. Ct. 479, 482 (2001) (offer of proof required where “counsel’s wide open question may also have elicited inadmissible, irrelevant evidence”).

 We acknowledge that Commonwealth v. Parent is distinguishable from this case because there, the court vacated only the conviction associated with the improperly excluded statement. 465 Mass. at 396-397. As noted, however, because here Cruz’s credibility was the main issue at trial for both charges, we conclude that the judge’s error also prejudiced the defendant with respect to the threat to commit a crime charge.

 The dissent also concludes that this evidence was cumulative of other impeachment evidence. See post at 414. The cases relied upon by the dissent in reaching this conclusion, however, are inapposite. In Commonwealth v. Clarke, 418 Mass. 207, 211-212 (1994), the Supreme Judicial Court held that it was not error to deny defense counsel’s request to admit in evidence written inconsistent statements, which had already been read in their entirety to the jury. Here, however, the jury were prevented from even hearing about Cruz’s statements to defense counsel. Likewise, Commonwealth v. Aguiar, 78 Mass. App. Ct. 193 (2010), is readily distinguishable. In that case, the victim’s mother testified that during a counselling session at which she was present, the defendant admitted to sexually assaulting the victim. Id. at 198. The defendant testified at trial and denied making any such statements. Ibid. Defense counsel then attempted to elicit testimony from the defendant’s wife that the defendant had not made admissions during the counselling session, but was prevented from doing so. Id. at 205. We concluded that although error, the exclusion of the wife’s testimony was not prejudicial because it “would have added little to her husband’s denial,” and the alleged admission did not figure prominently into either side’s theory of the case. Id. at 206-207. Unlike in Aguiar, the entire case here turned on whether the jury believed the defendant or Cruz. Accordingly, the testimony defense counsel sought to elicit was a critical piece of evidence, which was not cumulative of the other impeachment evidence presented at trial.

 Because, however, defense counsel was not allowed to question Cruz about her inconsistent statement, it is unclear whether Cruz would have adopted the statement she made to defense counsel on the day of trial or repudiated it.